

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>DAVID DEMPSEY,<br><br>         Defendant. | Case No.  21-MJ-3994<br><br>ORDER OF DETENTION |

I.

On August 26, 2021, Defendant made his initial appearance in this district – by consent to video teleconference - on the criminal complaint filed in the District of Columbia. Deputy Federal Public Defender Kim Savo was appointed to represent Defendant. The Court granted the government's request to continue the matter for a detention hearing to August 31, 2021, to be conducted if necessary, following an identity hearing.[1]

A detention hearing was held on August 31, 2021. Defendant consented to appear by video-teleconference.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving Choose an item.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is NOT entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of

---

[1] The Court granted Defendant's request for an identity hearing which was scheduled for August 31, 2021, prior to the detention hearing.

terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing including the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Unverified and conflicting statements from Defendant, his brother, his girlfriend and his Probation Officer regarding Defendant's place of residence.

☒ Insufficient bail resources: Defendant has proffered his brother as a bail resource but the government maintains that Defendant's brother was with the defendant on October 19, 2019 when Defendant was arrested and subsequently convicted of using pepper spray on persons who were peacefully protesting. Having viewed a video account of the incident (admitted as Exhibit 1 during the identity hearing), the Court declines to accept Defendant's brother as an acceptable surety in this matter. The Court also finds the $1,000 appearance bond proposed by Defendant's girlfriend to be insufficient to assure against risk of flight.

☒ Prior law enforcement contacts include a parole violations and evading police

☒ Allegations in the criminal complaint (see below). Although Defendant is in compliance with the conditions of his parole in a pending state court matter, the Court agrees with the Government that the allegations in the criminal complaint are the most serious charges that Defendant has ever faced and the possible penalty he faces if convicted of such charges, coupled with Defendant's prior criminal history, may well provide an incentive to flee.

As to danger to the community:

☒ Allegations in the criminal complaint include obstruction of an official proceeding, assaulting, resisting, or impeding certain officers using a dangerous weapon, obstruction of law enforcement during civil disorder, and disorderly and disruptive conduct in a Capitol Building or grounds and act of physical violence in the Capitol Grounds or Buildings.

☒ Defendant is currently on probation for a conviction involving the use of pepper spray on a crowd of persons on October 19, 2019 and was on probation at the time he engaged in the conduct underlying that conviction. Defendant may well face another probation violation if convicted of the allegations in the criminal complaint.

☒ Criminal history includes felony convictions for burglary (in 2006, 2009, 2013 and 2016), narcotics (2013), conspiracy involving use of access accounts without consent (2012), and numerous law enforcement contacts to include parole violations and evading police in 2017.

The Court finds the video depiction of the incident that led to Defendant's arrest on October 19, 2019 for using pepper spray on a crowd of people particularly concerning. Although the video clearly depicts Defendant engaging in an unprovoked attack by the use of pepper spray targeting persons who were peacefully protesting, when confronted by police, Defendant denied engaging in any wrongful conduct. Given this blatant disregard for the welfare and safety of others, the Court is not convinced that Defendant would abide by any condition or combination of conditions the Court could set to assure the safety of others or the community.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and be transported to the United States District Court for the District of Columbia for further proceedings <u>The Court directed both government counsel and defendant's counsel to follow up with government counsel in the charging district regarding Defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 31, 2021

                                                   /s/
                                     HON. ALKA SAGAR
                           UNITED STATES MAGISTRATE JUDGE